## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL KENT,<br><br>    Plaintiff,<br><br>v.<br><br>OAK STREET HEALTH, INC., MIKE PYKOSZ, GEOFFREY PRICE, GRIFFIN MYERS, ROBBERT VORHOFF, SRDJAN VUKOVIC, PAUL KUSSEROW, KIM KECK, CHERYL DORSEY, JULIE KLAPSTEIN, MOHIT KAUSHAL, and REGINA BENJAMIN,<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michael Kent ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1.    Plaintiff brings this action against Oak Street Health, Inc. ("Oak Street Health" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by CVS Pharmacy, Inc. ("CVS Pharmacy").[1]

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

2. On February 7, 2023, the Company entered into an Agreement and Plan of Merger with CVS Pharmacy, CVS Pharmacy's wholly owned subsidiary, Halo Merger Sub Corp. ("Merger Sub"), and solely for the limited purposes set forth therein, CVS Health Corporation ("CVS Health"). The Merger Agreement provides that Oak Street Health stockholders will receive $39.00 in cash per share of Oak Street Health common stock in connection with the Proposed Transaction.

3. The Company's corporate directors subsequently authorized the March 30, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

---

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for April 28, 2023.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

**THE PARTIES**

9. Plaintiff is, and has been at all times relevant hereto, the owner of OAK STREET HEALTH common stock.

10. Defendant Oak Street Health is a Delaware corporation with its principal executive offices located at 30 W. Monroe Street, Suite 1200, Chicago, Illinois 60603. Oak Street Health's shares trade on the New York Stock Exchange under the ticker symbol "OSH." Oak Street Health operates a network of primary care centers within the United States serving Medicare beneficiaries. The Company invests resources into primary care to prevent unnecessary acute events and manage chronic illnesses. Oak Street Health engages its patients through the use of an innovative community outreach approach. Once patients are engaged, the Company integrates population health analytics, social support services and primary care into the care model to drive improved outcomes. Oak Street Health contracts with health plans

and the Center for Medicare & Medicaid Services to generate medical costs savings and realize a return on its investment in primary care. As of December 31, 2022, the Company operated 169 centers across 21 states, which provided care for approximately 224,000 patients.

11. Defendant Mike Pykosz is and has been Chairman of the Board, Chief Executive Officer, and a director of the Company at all times relevant hereto.

12. Defendant Geoffrey Price is and has been Chief Innovation Officer and a director of the Company at all times relevant hereto.

13. Defendant Griffin Myers is and has been Chief Medical Officer of Provider Engagement and a director of the Company at all times relevant hereto.

14. Defendant Robbert Vorhoff is and has been Lead Director and a director of the Company at all times relevant hereto.

15. Defendant Srdjan Vukovic is and has been a director of the Company at all times relevant hereto.

16. Defendant Paul Kusserow is and has been a director of the Company at all times relevant hereto.

17. Defendant Kim Keck is and has been a director of the Company at all times relevant hereto.

18. Defendant Cheryl Dorsey is and has been a director of the Company at all times relevant hereto.

19. Defendant Julie Klapstein is and has been a director of the Company at all times relevant hereto.

20. Defendant Mohit Kaushal is and has been a director of the Company at all times relevant hereto.

21. Defendant Regina Benjamin is and has been a director of the Company at all times relevant hereto.

22. Defendants identified in paragraphs 11-21 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

23. On February 8, 2023, CVS Pharmacy and the Company jointly announced in relevant part:

> WOONSOCKET, R.I. and CHICAGO, Feb. 8, 2023 /PRNewswire/ -- CVS Health® (NYSE: CVS) and Oak Street Health (NYSE: OSH) have entered into a definitive agreement under which CVS Health will acquire Oak Street Health in an all-cash transaction at $39 per share, representing an enterprise value of approximately $10.6 billion.
>
> Oak Street Health is a leading multi-payor, value-based primary care company helping older adults stay healthy and live life more fully. With an innovative care model and technology platform designed to deliver consistently superior outcomes and patient experiences, Oak Street Health has demonstrated that its model is scalable.
>
> Bringing CVS Health and Oak Street Health together can significantly benefit patients' long-term health by reducing care costs and improving outcomes – particularly for those in underserved communities. Oak Street Health centers are located where health care services are needed most; more than 50 percent of Oak Street Health's patients have a housing, food or isolation risk factor.
>
> "Combining Oak Street Health's platform with CVS Health's unmatched reach will create the premier value-based primary care solution," said CVS Health President and CEO Karen S. Lynch. "Enhancing our value-based offerings is core to our strategy as we continue to redefine how people access and experience care that is more affordable, convenient and connected."
>
> Oak Street Health employs approximately 600 primary care providers and has 169 medical centers across 21 states. Oak Street Health is differentiated by its leading technology solution, Canopy, which is fully integrated with Oak Street Health's operations and utilized when determining the appropriate type and level

of care for each patient. That care will be enhanced by CVS Health's community, home and digital offerings.

"This agreement with CVS Health will accelerate our ability to deliver on our mission and continue improving health outcomes, lowering medical costs, and providing a better patient experience while offering significant value to our shareholders," said Oak Street Health CEO Mike Pykosz. "Together with CVS Health, we will have access to greater resources and capabilities to expand the reach of our platform, provide more opportunities for our teammates and, most importantly, make a meaningful difference in the lives of the patients we serve."

Following the close of the transaction, Pykosz will continue to lead Oak Street Health, which will become part of CVS Health's recently formed Health Care Delivery organization. Oak Street Health will continue to serve its extensive network of health plan partners and patients – consistent with CVS Health's payor-agnostic approach to delivering leading solutions.

**Transaction details**

CVS Health will acquire Oak Street Health's outstanding shares for $39 per share in cash, representing an enterprise value of approximately $10.6 billion. CVS Health expects to fund the transaction through available resources and existing financing capacity and is committed to maintaining its current credit ratings. The transaction was approved by the Board of Directors at each of the respective companies and is subject to approval by a majority of Oak Street Health's stockholders, receipt of regulatory approval and satisfaction of other customary closing conditions. Private equity funds affiliated with Newlight Partners LP and General Atlantic LLC and certain members of the Oak Street Health Board of Directors, which collectively own approximately 45% of the common stock of Oak Street Health, have agreed to vote the shares they own in favor of the transaction, subject to customary exceptions. CVS Health and Oak Street Health anticipate that the transaction will close in 2023.

"Oak Street Health is a premier value-based primary care platform," said CVS Health Chief Financial Officer Shawn M. Guertin. "We believe that in partnership with CVS Health, Oak Street Health can accelerate its growth and provide an attractive return to our shareholders over time. The pending acquisitions of Oak Street Health and Signify Health will also meaningfully advance our goal of adding 200 basis points of long-term adjusted operating income growth, a key commitment we made to shareholders at our December 2021 Investor Day."

By 2026, Oak Street Health will have over 300 centers, each of which has the potential to contribute $7 million of Oak Street Health Adjusted EBITDA at maturity, representing more than $2 billion of Oak Street Health embedded

Adjusted EBITDA at that time. Additionally, CVS Health projects more than $500 million in synergy potential over time, enhancing CVS Health's long-term adjusted operating income growth.

CVS Health continues to project that it will achieve 2023 Adjusted EPS in the range of $8.70 to $8.90. CVS Health is now targeting 2024 Adjusted EPS of approximately $9.00, growing to approximately $10.00 in 2025, with upside in 2025 based on the successful resolution of its Medicare Stars Ratings mitigation efforts. The 2024 and 2025 Adjusted EPS trajectories reflect the impact of the previously disclosed 2024 Medicare Stars Ratings headwind and Centene contract loss, closing of the Oak Street Health transaction in 2023, as well as projected contributions from the pending Signify Health transaction in 2024 and beyond. Consistent with past practice, CVS Health expects to exclude integration and transaction costs from its Adjusted EPS presentation.

**Advisors**

Credit Suisse Securities (USA) LLC and Lazard Ltd are serving as co-financial advisors to CVS Health. CVS Health was advised on legal matters by Shearman & Sterling LLP, Dechert LLP and McDermott Will & Emery. Centerview Partners is serving as financial advisor for Oak Street Health and Kirkland & Ellis LLP is acting as Oak Street Health's legal advisor.

**The Materially Incomplete and Misleading Proxy Statement**

24. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on March 30, 2023  The Proxy Statement, which recommends that Oak Street Health stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for Oak Street Health; (b) the financial analyses that support the fairness opinions provided by the Company's financial advisor, Centerview Partners LLC ("Centerview"); and (c) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts and*

25. The Proxy Statement fails to disclose material information concerning Oak Street Health's financial forecasts, including the extrapolations of the Company's unlevered free cash flows beginning with the first quarter of 2029 and ending in December 2037, as well as the forecasted use of NOL carryforwards through 2032, relied upon by Centerview for its *Discounted Cash Flow Analysis* ("*DCF*").[3]

26. The Proxy Statement further fails to disclose the Company's preliminary financial projections prepared by Oak Street Health management beginning on November 21, 2022, as well as a summary of the Board's comments on the preliminary financial projections that the Board provided during the week of November 21, 2022.[4]

27. In addition, the Proxy Statement fails to disclose the line items underlying the Company's forecasts for: (a) Platform Contribution; (b) Adj. EBITDA; and (c) Unlevered Free Cash Flow.

*Material Misrepresentations and/or Omissions Concerning Centerview's Financial Analyses*

28. The Proxy Statement fails to disclose material information concerning Centerview's financial analyses.

29. With respect to the *DCF Analysis* performed by Centerview, the Proxy

---

[3] *See* Proxy Statement at 49, which states that, in performing its *DCF*, Centerview used:

> the forecasted unlevered free cash flows of the Company based on Forecasts during the period beginning the first quarter of 2023, and ending in December 2028 and extrapolation beginning the first quarter of 2029, and ending in December 2037, and forecasted use of federal and state net operating loss ("NOL") carryforwards through 2032.

*Id.*

[4] *See id.* at 29.

Statement fails to disclose: (a) the Company's terminal values; and (b) the projection metric used to calculate the Company's terminal values and quantification of the metric.

30. With respect to the *Selected Public Company Analysis* and *Selected Transaction Analysis* performed by Centerview, the Proxy Statement fails to disclose the respective individual multiples and financial metrics for each of the selected companies and transactions analyzed by the financial advisor.

31. With respect to the *Analyst Price Target Range Analysis* performed by Centerview, the Proxy Statement fails to disclose the individual price targets observed and their sources.

32. With respect to the *Premiums Paid Analysis* performed by Centerview, the Proxy Statement fails to disclose the identities of the transactions analyzed and the individual premiums for each transaction.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

33. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including: (a) the amount of any transaction and retention bonuses Company insiders may receive; (b) the identities of the Company's insiders that may receive any transaction and retention bonuses; and (c) whether Oak Street Heath expects to pay any transaction and retention bonuses.

34. The Proxy Statement further fails to disclose whether any of CVS Pharmacy's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the rollover of the Company's restricted stock awards in the surviving corporation. The Proxy Statement similarly fails to disclose the details of any

employment and equity rollover-related discussions and negotiations that occurred between Oak Street Health insiders and CVS Pharmacy, who participated in all such communications, when they occurred and their content.

35. The omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of Centerview Partners LLC," "Background of the Merger," and "Interests of the Oak Street Health's Directors and Executive Officers in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

36. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and OAK STREET HEALTH**

37. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

38. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Oak Street Health is liable as the issuer of these statements.

39. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

40. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

41. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

42. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

43. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

44. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

45. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

11

46.  The Individual Defendants acted as controlling persons of Oak Street Health within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Oak Street Health and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

47.  Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

48.  In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

49.  By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

50.  As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange

Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other relief as this Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  March 31, 2023 **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*